KEKER, VAN NEST & PETERS LLP
JOHN W. KEKER - # 49092
jkeker@keker.com
JAN NIELSEN LITTLE - # 100029
jlittle@keker.com
BROOK DOOLEY - # 230423
bdooley@keker.com
KATE E. LAZARUS - # 268242
klazarus@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
IAN KANIG - # 293625
ikanig@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
SUSHOVAN HUSSAIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>SUSHOVAN HUSSAIN,<br><br>            Defendant. | Case No. 3:16-cr-00462-CRB<br><br>**DEFENDANT SUSHOVAN HUSSAIN'S STATUS REPORT IN ADVANCE OF JULY 21, 2017 HEARING**<br><br>Date:       July 21, 2017<br>Time:      11:00 a.m.<br>Dept.:      Courtroom 6, 17th Floor<br>Judge:     Hon. Charles R. Breyer<br><br>Date Filed: November 10, 2016<br><br>Trial Date: January 29, 2018 |

In advance of the hearing scheduled for July 21, 2017 at 11:00 a.m., Defendant Sushovan Hussain submits the following status report regarding issues to be raised before the Court.

**A.     Pending Motions**

There are two motions pending before the Court.

### 1.     Government's Motion for Rule 17 Subpoenas

On June 16, 2017, the government filed a motion seeking two Rule 17(c) subpoenas to Hewlett-Packard Enterprise ("HPE"): the first for a transcript of Mr. Hussain's 2013 interview with the Financial Reporting Council (or "FRC"); the second for documents that Mr. Hussain produced to various HP subsidiaries in related, U.K.-based civil litigation. ECF No. 65. On June 29, Mr. Hussain opposed the government's motion, ECF No. 72; on July 7, the government filed a reply, ECF No. 77; and on July 14—by stipulation and with the Court's permission—Mr. Hussain filed a sur-reply. ECF Nos. 89, 90. On July 19, Mr. Hussain filed a Statement of Recent Decision regarding the newly decided case, *U.S. v. Allen*, 16-898-CR (2d Cir. July 19, 2017), ECF No. 93.

The key questions presented by the parties' briefs are: (a) whether the FRC testimony was compelled such that the government's use of the resulting transcript would jeopardize Mr. Hussain's Fifth Amendment rights; and (b) whether it is proper for the government to seek documents that Mr. Hussain was required to produce in civil litigation in England, where he was unable to assert Fifth Amendment, spousal, and other U.S. litigation privileges.

### 2.     Defendant's Motion to Compel

On June 30, 2017, Mr. Hussain filed a Motion to Compel Production of Documents from the Government's Investigatory File. ECF No. 74. Mr. Hussain sought production of documents regarding investigations into HP's public disclosures, documents from the SEC's investigation file, and the government's correspondence with the SEC and the U.K. Serious Fraud Office. The government filed its response to Mr. Hussain's motion on July 7, 2017. ECF No. 78. The government responded that it either had produced or would produce all documents requested by Mr. Hussain, to the extent that such documents were in the government's possession or could be obtained from third parties.

Accordingly, only two outstanding issues remain regarding Mr. Hussain's motion. *See* ECF No. 81 (Reply in Support of Mot. to Compel).  <u>First</u>, Mr. Hussain requests that the Court order the government to complete its production of the requested documents by August 14, 2017, or to inform Mr. Hussain by that date why the documents have not been produced. <u>Second</u>, Mr. Hussain requests that the government be ordered to submit its communications with the SEC and U.K. Serious Fraud Office to the Court for *in camera* review to ensure the government's compliance with its discovery obligations.

### B. Other Issues for the Court's Consideration

There are two other issues about which defense counsel wishes to apprise the Court.

#### 1. Pre-Trial Schedule

Prior to the May 10, 2017 hearing, the parties submitted a joint Proposed Stipulated Scheduling Order setting out the dates for various pre-trial filings and exchanges. ECF No. 57-1. On July 19, counsel for Mr. Hussain sent government counsel a revised proposed Stipulated Scheduling Order, taking into account the Court's directions at the May 10 hearing regarding dates for the jury questionnaire and jury selection. As of the time of this filing, we await the government's response. Mr. Hussain now attaches hereto a copy of that schedule as a [proposed] scheduling order and respectfully requests that the Court enter it.

#### 2. Status of Authenticity and Business Records Stipulation

As counsel advised the Court at the May 10 hearing, Mr. Hussain and the government have been discussing a means of avoiding the need to call document custodians at trial (and the need to seek depositions of overseas document custodians) to establish the authenticity or the business records foundation of documents to be introduced into evidence. Of particular concern are documents held overseas by Hewlett-Packard Company ("HP") and its subsidiaries and by Deloitte LLP, which may be outside the reach of trial subpoenas.

Mr. Hussain proposed that the parties stipulate that any document produced in this case or in any related investigation or civil case by HP or its subsidiaries or by Deloitte be presumed to be (a) authentic for the purposes of Fed R. Evid. 901 and 902 and (b) a business record for purposes of Fed. R. Evid. 803(6) and 803(7), in the absence of any affirmative evidence

introduced to the contrary. The government did not agree to Mr. Hussain's proposed stipulation and proposed instead that the parties stipulate to the authenticity of specific documents on a document-by-document basis. Defense counsel explained that requiring Mr. Husain to identify now the documents he intends to introduce into evidence (or use in cross-examination) would require him to disclose his defense more than six months before trial.

Because the parties were unable to agree on a stipulation, defense counsel contacted counsel for HP and Deloitte to confirm whether they will agree to produce at trial witnesses who can, if necessary, testify to the authenticity or the business-records foundation of documents produced by HP and Deloitte. Mr. Hussain understands that counsel for the government has encouraged HP and Deloitte to provide such witnesses. Defense counsel has not secured any agreement with counsel for HP or for Deloitte, but, based on communications to date, defense counsel is hopeful that such agreements may be reached. However, in the event that such agreements cannot be made, and/or a stipulation cannot be reached with the Government, Mr. Hussain may need to seek relief from the Court, including permission to take Rule 15 depositions of foreign records custodians before and/or during trial.

Dated: July 19, 2017                                   KEKER, VAN NEST & PETERS LLP

                                                By:   */s/ John W. Keker*
                                                      JOHN W. KEKER
                                                      JAN NIELSEN LITTLE
                                                      BROOK DOOLEY
                                                      KATE E. LAZARUS
                                                      NICHOLAS D. MARAIS
                                                      IAN KANIG

                                                      Attorneys for Defendant
                                                      SUSHOVAN HUSSAIN