MORGAN, LEWIS & BOCKIUS LLP
SUSAN D. RESLEY, Bar No. 161808
susan.resley@morganlewis.com
KURT B. OLDENBURG, Bar No. 287275
kurt.oldenburg@morganlewis.com
ALYSE J. GRAMAGLIA, Bar No. 287989
ali.gramaglia@morganlewis.com
ELLIE F. CHAPMAN, Bar No. 305473
ellie.chapman@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

MARTHA B. STOLLEY, *Admitted Pro Hac Vice*
martha.stolley@morganlewis.com
CAROLYN A. SILANE, Bar No. 298113
carolyn.silane@morganlewis.com
101 Park Avenue
New York, NY 10178
Tel:   +1.212.309.6858
Fax:   +1.212.309.6001

GIBSON, DUNN & CRUTCHER LLP
MICHAEL LI-MING WONG, Bar No. 194130
mwong@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105
Tel:   +1.650.849.5393
Fax:   +1.650.849.5093

Attorneys for Hewlett-Packard Enterprise &
Hewlett-Packard Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SUSHOVAN HUSSAIN,<br><br>Defendant. | Case No. 3:16-cr-00462 CRB<br><br>SUBMISSION BY HEWLETT-PACKARD COMPANY RE RELEASE OF MAY 29, 2012 INTERVIEW SUMMARY<br><br>Place:       Courtroom 6, 17th Floor<br>Judge:       Hon. Charles R. Breyer<br>Date Filed:  November 10, 2016<br>Trial Date:  February 26, 2018 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

SUBMISSION OF HEWLETT-PACKARD COMPANY RE
RELEASE OF MAY 29, 2012 INTERVIEW SUMMARY
Case No. 3:16-cr-00462 (CRB)

At the conclusion of the February 26, 2018 proceedings, the Court stated that it was releasing to defense counsel an unredacted copy of notes prepared by HP in-house counsel which documented the May 29, 2012 interview of Mike Sullivan ("HP May 29, 2012 Sullivan Notes") on the grounds that the notes qualify as Jencks Act material. Non-party Hewlett-Packard Company ("HP") respectfully submits that this document—and other HP witness interview notes, memoranda and summaries, which were previously filed *ex parte* and under seal in this action—do not constitute Jencks Act material.

The Jencks Act authorizes courts to "order the United States to produce any statement (as hereinafter defined) of the witness **in the possession of the United States** which relates to the subject matter as to which the witness has testified." *See* 18 U.S.C. § 3500(b) (emphasis added). However, HP never produced the HP May 29, 2012 Sullivan Notes to the United States Attorney's Office ("USAO") or any other agency of the federal government. Inasmuch as this document and all of the other interview notes, memoranda and summaries that HP filed *ex parte* and under seal on January 11, January 24, and February 6, 2018 are not, and have never been, "in the possession of the United States," they are not Jencks Act materials within the meaning of the statute.[1] *See* 18 U.S.C. § 3500(b); *see also United States v. Fort*, 472 F.3d 1106, 1117 (9th Cir. 2007) ("[T]he text of the statute requires that the government disclose all witness statements . . . *in the actual possession of the federal government at the time of the trial*.") (emphasis added).

Furthermore, the HP May 29, 2012 Sullivan Notes are privileged attorney work product. As set forth in HP's Amended Motion to Quash Subpoena Issued to Non-Party Hewlett-Packard Company Pursuant to Rule 17(c), HP's in-house legal counsel prepared the HP May 29, 2012 Sullivan Notes and certain other witness interview notes, memoranda and summaries in anticipation of litigation with Mr. Hussain and other former Autonomy executives shortly after they departed HP. *See* ECF 110, at 21-22. The HP May 29, 2012 Sullivan Notes and other interview materials contain the thoughts and impressions of the interviewing attorneys and thus

---

[1] The exhibits submitted on January 11 and January 24, 2018 were completely withheld on privilege grounds and have not been produced by HP to any third party. The exhibits submitted on February 6, 2018 were produced to the government, but in redacted form. Therefore, the redacted portions of the February 6 exhibits are not in the possession of the government.

1   are pure attorney work product. *See Upjohn Co. v. United States*, 449 U.S. 383, 399-400 (1981);
2   *United States v. Nosal*, No. CR-08-0237 EMC, 2013 WL 1402336, at *2-3; *O'Connor v. Boeing*
3   *N. Am., Inc.*, 216 F.R.D. 640, 643 (C.D. Cal. 2003).

4       HP articulated this and additional bases for withholding the HP May 29, 2012 Sullivan
5   Notes and all other interview materials prepared by HP in-house lawyers in its submission
6   accompanying those documents, which it lodged under seal and *ex parte* on January 11, 2018.
7   Because HP asserted privilege, the HP May 29, 2012 Sullivan Notes have not been produced to
8   the USAO and, to HP's knowledge, are not in the government's possession today. Accordingly,
9   they do not constitute Jencks Act material and should not be released to defense counsel.

10       If the Court has released the HP May 29, 2012 Sullivan Notes, HP asks the Court to issue
11   an order stating that the production is not an express or implied waiver of HP's attorney client
12   privilege or attorney work product protection. *See* Fed. R. Evid. 502(b), (d).  HP is prepared to
13   clarify or expand upon any matters concerning its privilege assertions.

14   Dated:  February 27, 2018                      Respectfully submitted,

16                                                 By    */s/ Kurt B. Oldenburg*

17                                           SUSAN D. RESLEY
                                          KURT B. OLDENBURG
18                                             ALYSE J. GRAMAGLIA
                                          ELLIE F. CHAPMAN
19                                             MORGAN, LEWIS & BOCKIUS LLP
                                          One Market, Spear Street Tower
20                                             San Francisco, CA 94105

21                                             MARTHA B. STOLLEY (*pro hac vice*)
                                          CAROLYN A. SILANE (*pro hac vice*)
22                                             MORGAN, LEWIS & BOCKIUS LLP
                                          101 Park Avenue
23                                             New York, NY 10178-0060

24                                             MICHAEL LI-MING WONG
                                          GIBSON, DUNN & CRUTCHER LLP
25                                             555 Mission Street, Suite 3000
                                          San Francisco, CA 94105
26
                                          *Attorneys for Hewlett-Packard Enterprise &*
27                                             *Hewlett-Packard Company*

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

            2            SUBMISSION OF HEWLETT-PACKARD COMPANY RE
RELEASE OF MAY 29, 2012 INTERVIEW SUMMARY
Case No. 3:16-cr-00462 (CRB)